■ HECTOR DEJESUS an Infant, by His Mother and Natural Guardian, CAROLINE RIVERA, et al., Appellants, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Respondent. [815 NYS2d 502]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered June 10, 2005, which granted defendants' motion and cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

This action is barred by the doctrine of assumption of risk. The 14-year-old plaintiff, an experienced cyclist, should have realized that certain risks, including having to swerve to avoid a pedestrian or that his tire might come in contact with the abutting curb, causing him to fall, were inherent in riding a bike on a pedestrian-only cement walkway and are not dangers over and above the usual dangers associated with bicycle riding in an urban area (*see Chrem v City of New York*, 293 AD2d 301 [2002]).

Even if assumption of risk did not operate as a complete bar, plaintiffs have failed to raise an issue of fact as to the existence of a dangerous condition. Although plaintiffs claimed that the walkway, the curb, or both, was "broken," plaintiffs' photographs show only that the curb was not continuous. Defendant Housing Authority is under no common-law or statutory duty to have continuous curbs, or any curb at all for that matter, along pedestrian pathways in housing developments. Furthermore, plaintiffs are unable to show, without resorting to speculation, that the absence of a continuous curb was a substantial cause of the infant plaintiff's accident (*see Omer v Rodriguez*, 294 AD2d 202 [2002]). Concur—Buckley, P.J., Mazzarelli, Friedman, Sweeny and McGuire, JJ.